IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| PHILLIP BUGADO, JR., | ) | CV. NO. 06-00310 DAE-BMK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NEIL WAGATSUMA, WARDEN KAUAI CORRECTIONAL FACILITY AND THE ATTORNEY GENERAL OF THE STATE OF HAWAII, | ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

ORDER ADOPTING MAGISTRATE JUDGE'S
FINDING AND RECOMMENDATION TO DENY
PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner's objections, the Court ADOPTS the Magistrate Judge's Finding and Recommendation to Deny Petition for Writ of Habeas Corpus.

BACKGROUND

On April 11, 2001, Petitioner was convicted by a jury in the Circuit Court of the Second Circuit of the State of Hawaii for violations of several Hawaii Revised Statutes, including abuse of a family member and terroristic threatening.

Petitioner appealed his conviction to the Hawaii Supreme Court and it was affirmed on January 21, 2003. On January 8, 2004, Petitioner filed in the Second Circuit, a motion to vacate, set aside, or correct judgment under Rule 40 ("Rule 40 Petition"). That motion was denied on July 26, 2004. Petitioner appealed to the Hawaii Supreme Court and the Hawaii Supreme Court affirmed the denial of his Rule 40 Petition.

On June 5, 2006, Petitioner filed a petition for habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254. On June 26, 2007, the Magistrate Judge issued a Finding and Recommendation to Deny Petition for Writ of Habeas Corpus ("F&R") finding that all of Petitioner's claims were either barred or without merit. On July 11, 2007, Petitioner filed objections to the F&R. Although unclear, Petitioner appears to object to the following findings: (1) that he was barred from bringing nine of his ineffective assistance of counsel arguments and his alleged involuntary and unknowing plea of no contest because he procedurally defaulted on those claims by failing to properly raise them in State court; (2) that his claim for ineffective assistance of counsel for failure to interview witnesses was meritless since Petitioner could not show that such failure prejudiced his defense; and (3) that his trial on several charges did not violate the Double Jeopardy Clause.

## STANDARD OF REVIEW

Any party may serve and file written objections to proposed findings and recommendations. See 28 U.S.C. § 636(b). Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's dispositive order, findings, or recommendations, the district court must make a de novo determination. A de novo review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." U.S. Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.' The court also may receive further evidence or recommit the matter to the magistrate with instructions." McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.

## DISCUSSION

A.   Procedural Default

Relying on Massaro v. United States, 538 U.S. 500 (2003), Petitioner argues that he did not procedurally default on seven of his ineffective assistance of counsel claims because the U.S. Supreme Court has held that a petitioner may

bring such a claim in a collateral proceeding, whether or not the petitioner could have raised the claim on direct appeal. Petitioner's argument is misplaced.

The Massaro case involved a federal prisoner, who had been indicted and convicted of federal crimes in federal court, and who had brought a collateral attack to vacate his conviction under 28 U.S.C. § 2255. Id. at 502. Here, however, Petitioner was convicted of State crimes in State court and therefore, moved this Court pursuant to 28 U.S.C. § 2254. Motions brought under 28 U.S.C. § 2254 have a different set of procedural requirements than § 2255 motions, because § 2254 motions are based on convictions in State court. Compare 28 U.S.C. § 2255 with 28 U.S.C. § 2254. Therefore, the petitioner must first exhaust his or her remedies in the state court system. 28 U.S.C. § 2254(b)(1)(A). Having failed to raise his ineffective assistance of counsel claims on direct appeal in State court, Petitioner has procedurally defaulted on those claims under Hawaii law. See Briones v. State, 848 P.2d 966, 975 (Haw. 1993) ("any complaint of counsel's ineffective assistance at trial, contained in a Rule 40 petition, is usually waived"); Haw. Rule Penal P. 40.

Petitioner also argues that he did not implicitly procedurally default on two of his ineffective assistance of counsel claims or on his allegedly

4

involuntary plea of no contest because he cited to one federal case, Avila v. Galaza, 297 F.3d 911 (9th Cir. 2002), in his Rule 40 Petition. Petitioner's argument fails.

The Ninth Circuit has held that the petitioner must have described in the state proceedings "the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003) overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) (citations and internal quotations omitted). A petitioner must characterize each claim raised in the state proceedings "specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000). "Citation of irrelevant federal cases does not provide a state court with a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." Fields v. Waddington, 401 F.3d 1018, 1021-22 (9th Cir. 2005) (citation and internal quotation marks omitted). The purpose of requiring a petitioner to present a federal claim to the state courts prior to being allowed to present in federal court is that "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to

correct a constitutional violation." Picard v. Connor, 404 U.S. 270, 275 (1971) (citation and internal quotation marks omitted).

Here, the Magistrate Judge found that because Petitioner cited to Avila, he fairly presented in State court his claim of ineffective assistance of counsel based on a failure to interview witnesses. However, the claims at issue here are Petitioner's claim that his trial counsel was ineffective for failing to subpoena documents pertaining to a temporary restraining order and failing to present alleged exculpatory evidence, and petitioner's argument regarding his plea of no contest. The Avila case deals specifically with a failure to interview witnesses and does not involve these other issues. Accordingly, this one citation to Avila is not sufficient to find that Petitioner fairly presented his ineffective assistance of counsel claim based on a failure to subpoena documents regarding the temporary restraining order or failing to present alleged exculpatory evidence, and petitioner's argument regarding his plea of no contest. A mere citation to one federal case that does not specifically deal with issues raised by the petitioner is clearly not sufficient to present the State court with a fair opportunity to apply federal law to the facts at issue. Petitioner does not argue that he cited the U.S. Constitution, the Sixth Amendment, any other federal law pertinent to these claims. Accordingly, Petitioner's objection on this issue is meritless.

The remainder of Petitioner's arguments on this issue go to the merits of his ineffective assistance of counsel claim and do not otherwise address the procedural default issue. Accordingly, after a de novo review, this Court adopts the F&R with respect to this issue.

B.  Petitioner's Ineffective Assistance of Counsel Claim for Failure to Interview Witnesses

Petitioner objects the F&R finding that the State court decision regarding his ineffective assistance of counsel claim based on a failure to interview witnesses was not contrary to clearly established law nor based on an unreasonable determination of facts. Other than noting the Magistrate Judge's decision and stating that the cumulative effect of not calling to testify or adequately interviewing four witnesses could have had an effect on the jury verdict, Petitioner does not explain his objection in detail.

In order to establish a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) in light of all the circumstances, his counsel's performance was outside the "wide range of professionally competent assistance," by identifying specific material errors or omissions; and (2) his defense was so prejudiced by his counsel's errors that there is a reasonable probability that, but for

his counsel's deficient representation, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984).

First, based on Petitioner's previous filings it appears that he believes that witness Barbara Pagay could have testified that Vicky, Petitioner's wife for whom he was being accused of threatening and abusing, was having an affair of which Petitioner was aware. Petitioner does not explain how this testimony could have cast doubt on his guilt. Instead, it seems that it would have provided a possible motive for Petitioner engaging in the terroristic threatening or abuse of his wife. Petitioner also asserts that Pagay could have clarified that she did not see him with a firearm on February 25th, but that he had shown it to her on a previous occasion. Again, Petitioner has not explained how this testimony could have helped him. Instead, such testimony confirms the fact that Petitioner possessed a gun, which he could have used to threaten his wife. Petitioner also argues, without further explanation that Pagay could have testified about his character. As Vicky's friend and confidant, however, it is doubtful that she would have testified favorably about Petitioner's character. Finally, the fact that Vicky may not have told Pagay about any incidents in which Petitioner threatened her with a firearm, does not discredit Pagay's testimony that Petitioner had a domestic argument with Vicky at the credit union and that Petitioner had to be escorted from the premises.

Second, Petitioner argues that his trial counsel should have obtained an audio recording of Lt. Duane Asami's interview by the prosecution, and that the recording would have corroborated Asami's testimony that Vicky did not complain of any physical abuse and he did not see any injuries when he met with her on March 6, 2000.  Again, Petitioner does not explain how the failure to introduce the alleged audio recording prejudiced his defense.  Indeed, it does not appear that Asami was impeached on this issue such that the audio recording could have rehabilitated his prior testimony.  Accordingly, the failure to procure this audio recording did not prejudice Petitioner's defense.

Third, Petitioner mentions Ruth Balderas' testimony that she observed a bruise on Vicky's neck and that Vicky appeared upset, scared and worried.  Petitioner, again, however, does not explain what information could have been revealed if Balderas had been interviewed.  Therefore, there is no argument as to how such a failure prejudiced Petitioner's defense.

Fourth, with respect to Steve Kaneshiro, he was interviewed by an investigator for Petitioner's trial counsel.  Petitioner fails to assert what helpful information could have been gained by a longer interview of Kaneshiro.

After a de novo review, this Court finds that failure to discover alleged possible testimony from these four witnesses did not prejudice Petitioner's defense. Accordingly, this Court adopts the F&R with respect to this issue.

C.   Double Jeopardy

Petitioner objects to the finding in the F&R that his trial on charges of abuse of a household member and terroristic threatening in the first degree did not violate the Double Jeopardy clause. Petitioner argues that the charges of abuse of a household member and terroristic threatening in the first degree violate the double jeopardy clause because both offenses involved the abuse of his ex-wife and arise out the same conduct on February 13, 2000 and March 6, 2000.

"[T]he double jeopardy clause does not constrain the legislature from intentionally imposing multiple punishments upon a defendant for separate offenses arising out of the same conduct." State v. Feliciano, 115 P.3d 648, 657-58 (Haw. 2005). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932) "Put simply, in a 'multiple punishments' case, if each offense has an element that the other does not, then there is no double jeopardy clause violation." Feliciano,

10

115 P.3d at 657-58 (Haw. 2005).  The Hawaii Supreme Court has held that abuse of a household member and terroristic threatening are "different offenses under the double jeopardy clause of the United States Constitution."  State v. Lessary, 865 P.2d 150, 153 n8 (Haw. 1994).  This is because the offense of abuse requires proof of physical abuse, and terroristic threatening does not.  In addition, terroristic threatening requires proof of a threat to cause bodily injury, and abuse does.  Id.

Here, there is no question that abuse of a household member and terroristic threatening require proof of different facts.  Accordingly, Petitioner's double jeopardy argument lacks merit and this Court therefore, adopts the F&R.

## CONCLUSION

For the reasons stated above, the Court the Court ADOPTS the Magistrate Judge's Finding and Recommendation to Deny Petition for Writ of Habeas Corpus.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 7, 2007.



_____
David Alan Ezra
United States District Judge

Bugado v. Wagatsuma, et al., CV No. 06-00310 DAE-BMK; ORDER ADOPTING MAGISTRATE JUDGE'S FINDING AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS